**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

GENGHISCOMM HOLDINGS, LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendant*.

Case No. 2:24-cv-00242-RWS-RSP

**JURY TRIAL DEMANDED**

**DEFENDANT'S OBJECTIONS TO CLAIM CONSTRUCTION ORDER**

Defendant Samsung Electronics America, Inc. ("SEA") submits these objections to certain constructions provided in the Court's Claim Construction Order. Dkt. 158. *See* Fed. R. Civ. P. 72(a); L.R. CV-72(b). For the reasons that follow, certain constructions set forth in that Order should be set aside and Defendant's proposed constructions should be adopted.

## I. LEGAL STANDARDS

A district court must consider timely objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); L.R. CV-72(b).

## II. SEA'S OBJECTIONS TO THE ORDER

### A. '842 Patent: "Mapper" Is Purely Functional And Thus Claim 1 Is Indefinite.

Despite Plaintiff's admission that a "mapper" is "a functional block . . . arranged to provide the mapping functionality," Dkt. 122 at 17, that section 112(f) was inapplicable, Dkt. 158 at 41, and the '842 Patent specification's clear teachings that the structures for implementing functions were unlimited, Dkt. 125-1, 9:40-51, 14:53-67, 15:15-20, 68:37-40, 76:37-77:4, the Order concluded that mapper is a "specific component" and not indefinite, Dkt. 158 at 45. This was error.

First, the Order erroneously criticized Defendant focusing on the "mapper" term and not also "modulator" and "spreader." Dkt. 158 at 42. Not only are "modulators" and "spreaders" known structures in modems while the Order cites only Dr. Goldburg's *ipse dixit* to conclude that the claimed "mapper" is a "specific component." There is no authority under which Defendant should be faulted for focusing on the mapper and it was error to hold this against Defendant.

Second, while the Order states that the "relevant inquiry is whether the term 'mapper' itself provides sufficiently definite structure as understood" by a POSITA, Dkt. 158 at 42, the Order makes two additional errors in finding that "mapper" is a "commonly known component of OFDM

transmitters" and in relying on Dr. Goldburg, *id.* First, the specification itself says that "an apparatus" may be implemented using "any specific structure, function, or both being disclosed herein," or using any "other structure, functionality, or structure and functionality in addition to or other than" those disclosed. Dkt. 125-1 at 14:53-67. The claims allegedly cover "all modifications, equivalents, and alternatives" to what is disclosed. *Id.* at 15:15-20, 76:37-77:4. In the face of these intrinsic statements the Court erred in relying on Dr. Goldburg to conclude that a mapper is a "specific component." Extrinsic evidence cannot be relied on to contradict intrinsic evidence and the latter confirms what Plaintiff admitted: a mapper is a "a functional block . . . arranged to provide the mapping functionality." Dkt. 122 at 17; *Ruckus Wireless, Inc. v. Innovative Wireless Sols., LLC*, 824 F.3d 999, 1003 (Fed. Cir. 2016) ("Legal error arises when a court relies on extrinsic evidence that contradicts the intrinsic record.").

Second, Dr. Goldburg's conclusion that "[a] POSITA would have no problem understanding what the claimed 'mapper' is" is premised on quotes that merely describe the "mapper" by what it does—not what it is. *See* Dkt. 125-9, ¶¶23-26 ("a mapper configured to map" (claim 1); "a mapper is configured to map" (Dkt. 125-1, 8:60-64), "mapper maps" (Dkt. 125-1, 68:34-40)). A mapper is a functional block that maps—as Plaintiff admitted. This says nothing about its structure. Dr. Goldburg offered nothing to support an opinion to the contrary. Citing the '842 Patent Dr. Mahon explained that "the claimed 'mapper' is . . . any conceivable structure that performs the function of mapping," and that the "functional blocks are to be understood so broadly that they include both known ways to perform the claimed functionality and unknown ways that had not even been devised yet." Dkt. 125-11, ¶¶ 22, 47. Yet the Order discounts Dr. Mahon's testimony because it allegedly did not contradict Dr. Goldburg's *ipse dixit* opinion that a POSITA understands the "structural nature of a mapper in an OFDM context." Dkt. 158 at 43. First, Dr.

Mahon walked through the entire specification and explained why it showed that the claimed "mapper" "was in no way limited to any known or unknown structure or manner of implementation." Dkt. 125-11, ¶ 49. Thus, the Order's finding—one it deemed "critical"—that Dr. Mahon had not contradicted Dr. Goldburg's opinion is clearly erroneous. Dkt. 125-11, ¶¶ 47, 49-51. Moreover, Dr. Goldburg's unsupported *ipse dixit* opinion should not have gotten any weight.

Finally, the Order's conclusion that the '842 Patent specification reveals "an understood meaning in the art" show no more than the claimed "mapper" is—as Plaintiff admitted—"a functional block" without structure. That "mapping" (a function) is described as "selection," or "assignment" of subcarriers provides no structure. Dkt. 158 at 43. Nor do descriptions of the "fundamental operation" of a mapper or disclosure about "how mapping may be performed" or that it might use "known schemas." *Id.* And, while the Order references "inputs" and "outputs," the inputs and outputs referenced are not inputs or outputs of the mapper. They are instead "N DFT outputs" mapped to subcarriers—i.e., the function of the mapper. Finally, that the specification "defines the *result of the mapping operations*" also fails to describe any structure. The Order does not provide sufficient support that the '842 Patent "discloses what a mapper is" beyond what Plaintiff says—i.e., a "functional block." Thus, the Order should be overturned in this regard and '842 Patent claim 1 should be deemed indefinite for impermissible functional claiming.

### B. "An N-Point Discrete Fourier Transform" Is Not A "Transform Matrix."

In concluding that the phrase "the spreading matrix comprises an N-point Discrete Fourier Transform (DFT)" means "the spreading matrix comprises an N-point Discrete Fourier Transform (DFT) <u>matrix</u>," the Order rewrites claim 18 of the '227 Patent and overlooks intentional differences between the claims. Claim 18 requires the "spreading matrix" to "comprise" a DFT. Dkt. 125-2, 78:35-38. A DFT can be calculated by multiplying a *matrix* and *input vector* (e.g., "a plurality of data symbols"). The '227 Patent specification confirms that a "spreading matrix S" is multiplied

by "input symbols b" to produce spread symbols x—i.e., x = S * b. Dkt. 125-2, 73:40-53. The Order finds that Dr. Mahon's opinion "may be technically correct in the abstract," but Dr. Mahon was "far more literal than a person of ordinary skill in the art" would be. While claim 11 references "a matrix implementation of the mathematical equation," Dkt. 158 at 59, claim 18 says the "spreading matrix" S comprises the DFT (i.e., S * b)—not just the "S" matrix of a DFT. The Order recognizes that "[i]t would . . . be illogical for the matrix S to be separately defined as another matrix being multiplied by data vector b," but this is exactly what claim 18 says. And while claim 2 of the '227 Patent claims things correctly and states that the "invertible transform" comprises an N-point DFT, the Order does not address this difference between the claims and the Order's statement that the "N-point DFT is functioning as a spreading matrix" overlooks the fact that the DFT is both the input and the matrix itself (it is a transform) as the specification indicates. The Order should be overruled and claim 18 of the '227 Patent should be found to be indefinite.

### C. The Intrinsic Record Does Not Support The Construction of "Discrete Fourier Transform"

In adopting a construction of "discrete Fourier transform (DFT),"[1] the Order erroneously (1) relied on a claim to an "Inverse Discrete Fourier Transform" in another patent (the '842 Patent) to inform the meaning of a different term—"discrete Fourier transform" found in different claims in other patents, (2) in its findings about the '568 Patent specification, and (3) in its conclusions about the use of the phrase "discrete Fourier transform" in the claims of the '568 and '227 Patents.

First, the Order's reliance on claim differentiation between the '842 Patent's claims indicating that the "inverse discrete Fourier transform" comprises "an inverse fast Fourier transform" to conclude that a different term—"discrete Fourier transform"—found in other claims

[1] Defendant does not address the inverse discrete Fourier transform here because it does not appear relevant to the resolution of the issues in this action.

in other patents includes a fast Fourier transform was erroneous because the other patents warrant a different conclusion. Applying claim differentiation across patents was improper.

Second, as to the claims, the Order incorrectly states that "each asserted claim contemplates the use of and calculation of the mathematical operation in an operational context . . . ." Dkt. 158 at 12-12. Claim 18 of the '227 Patent says the "spreading matrix" comprises "an N-point discrete Fourier transform," which the Order concludes is an "N-point discrete Fourier transform *matrix*"—not the performance of a "mathematical operation." Dkt. 125-2, 78:36-37; Dkt. 158 at 12-13, 59. Claim 2 of the '568 Patent, which recites "complex-valued coefficients of a discrete Fourier transform" also does not claim performing the "mathematical operation." Ex. 125-3, 38:60-64.

The Order also erred by relying on an incorporation by reference to conclude that the '568 Patent specification describes fast algorithms. The Order's holding is contrary to Federal Circuit decisions holding that incorporation by reference cannot convert the invention of the host document into that of the incorporated document. *Finjan LLC v. ESET, LLC*, 51 F.4th 1377, 1382 (Fed. Cir. 2022); *XY Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358, 1363 (Fed. Cir. 2014). *DDR Holdings* is not the "reverse" of these situations because, like here, content from the incorporated document was not included in the host. *See DDR Holdings, LLC v. Priceline.com LLC*, 122 F.4th 911, 916 (Fed. Cir. 2024). In light of these errors, the Order's construction of the "discrete Fourier transform" as including "a Fast Fourier Transform (FFT)" was erroneous.

**D. "Provisioning" Means "Providing" Not "Preparing"**

The Order errs in adopting one of several definitions from one of two general purpose dictionaries offered by Plaintiff and assumes a broader meaning than that suggested by the intrinsic record. *See* Dkt. 125-25; Dkt. 125-24. That "preparing" can encompass "allocating and assigning" does not mean that "provisioning" as recited in claim 1 of the '508 Patent means "preparing."

**Date**: December 15, 2025

**By**: *<u>/s/ Melissa R. Smith</u>*
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Richard Edlin, NY2051696
Email: edlinr@gtlaw.com
Thomas D. Pease NY2671741
Email: thomas.pease@gtlaw.com
Elana B. Araj, NY5280565
Email: elana.araj@gtlaw.com
GREENBERG TRAURIG, LLP
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Andrew R. Sommer
Virginia Bar No. 70304
Email: sommera@gtlaw.com
GREENBERG TRAURIG LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301

Jared Lee (to be admitted *pro hac vice*)
Email: Jared.lee@gtlaw.com
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: (801) 478-6948
Facsimile: (801) 478-6900

*Counsel for Defendant Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025 the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record who have consented to electronic service.

*/s/ Melissa R. Smith*