UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GENGHISCOMM HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Case No. 2:24-cv-00242-RWS-RSP |

**PLAINTIFF'S OBJECTIONS TO DECEMBER 1, 2025 CLAIM CONSTRUCTION ORDER (DKT. 158)**

Pursuant to FRCP 72, Local Rule CV-72 and 28 U.S.C. § 636(b)(1)(A), Plaintiff objects to the following aspects of the December 1 Claim Construction Order at Dkt. 158 including to preserve appellate review.

**A. "Spread/Spreading."** GenghisComm asked for the construction: "Use-of/using frequency-domain codes to expand (spread) each data symbol over multiple subcarriers." The purpose of GenghisComm's proposed construction was to make clear that its patents use and define "spread" or "spreading" in their context of OFDM systems, which is different from another common use of the words spread or spreading in a different context, spread spectrum communications. The Court's Claim Construction Order declined to adopt Plaintiff's proposal and instead ordered plain and ordinary meaning. However, the Order did agree with Plaintiff that "spread" or "spreading" is different from the different context of spread spectrum communications:

> As for Plaintiff's concern between potential confusion between spreading of OFDM signals and spread spectrum communications, the Court finds that the context of the claims and patents provides sufficient clarity. Claims 1 and 2 of the '842 Patent are clearly about "an OFDM transmitter." The '227 Patent is titled "pre-coding in multi-user MIMO." The '568 Patent is titled "single carrier frequency division multiple access baseband signal generation." And the '786 Patent is titled "multicarrier sub-layer for direct sequence channel and multiple-access coding," with claims 1 and 10 setting forth a method and apparatus for wireless communication that employs complex-valued codes. None mentions spread spectrum communication technologies. The claims themselves repeatedly reference OFDM subcarriers, OFDM modulators, and OFDM signals, making clear that the spreading occurs in an OFDM context. To the extent any ambiguity might arise at trial, the parties' expert witnesses can distinguish between OFDM spreading and spread spectrum communications. This distinction between technologies is not a matter requiring claim construction.

Dkt. 158 p. 26. After the Court's Claim construction Order, Defendant Samsung served its expert report on invalidity which relies on references that use "spread" or "spreading" in the 3G (WCDMA) spread spectrum context, 3GPP 25.213, illustrating an intent to try to confuse the jury on this issue. That the claim construction Order did not adopt a construction that

distinguished between spread in the OFDM context and spread spectrum was clearly erroneous for the reasons set forth in Plaintiff's Opening Claim Construction Brief and Reply Brief and the evidence they both cite.

**B. Term: Preambles of '786 patent claims 1 and 10.**

The Claim Construction Order stated:

> The central dispute concerns whether the preambles of claims 1 and 10 of the '786 Patent require the claimed method and apparatus to employ both a first and second set of complex-valued codes, or whether these code sets merely describe the wireless communication network environment in which the method and apparatus operate. Put differently, the parties disagree on whether the preamble language modifies the claimed method and apparatus themselves or describes the network context.

Dkt. 158, p. 47. Claim 1 recited:

> 1. A method of communication in a wireless communication network ***that employs*** a first set of complex-valued codes to encode data symbols to be transmitted, and employs a second set of complex-valued codes to recover

Claim 10 recited:

> 10. An apparatus for communication in a wireless communication network ***that employs*** a first set of complex-valued codes to encode data symbols to be transmitted, and employs a second set of complex-valued codes to recover transmitted data symbols from a received signal,

The Claim Construction Order held that the words "that employs" modifies the claimed "method" and "apparatus" of communication and did not describe the "wireless communication network" environment. This is clearly erroneous for the reasons set forth in Plaintiff's Reply Claim Construction Brief and in the November 5, 2025 hearing transcript. Dkts. 133 & 151.

Dated: December 15, 2025

Respectfully submitted,

*/s/ Alison A. Richards*

David Berten
(IL Bar # 6200898, also admitted in ED Texas)
dberten@giplg.com
Alison Aubry Richards
(IL Bar # 6285669, also admitted in ED Texas)
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorneys for Plaintiff GenghisComm Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Alison Aubry Richards*